JOHN W. CORLISS, Assignee, *vs.* SHERMAN S. JEWETT and others.

January 31, 1887.

**Insolvency — Evidence held to show a Preference.**—Evidence considered sufficient to sustain findings that debtors were insolvent at the time of their transferring property to certain creditors in partial payment of the debt; that the creditors had reason to believe the debtors insolvent; and that such transfer was made with a view of giving a preference, within the meaning of the insolvent law.

**Same — Motive in giving Preference.** — A conveyance of property or a payment may constitute a preference, although the motive for making it be merely to secure an extension of credit, so as to be enabled to go on in business.

Appeal by defendants from an order of the district court for Otter Tail county, refusing a new trial after a trial before *Baxter*, J., a jury being waived.

*Chas. L. Lewis*, for appellants.

*E. E. Corliss*, for respondent.

DICKINSON, J. Johnson & Dahl, hardware merchants, made an assignment to this plaintiff for the benefit of creditors, under the insolvent law of 1881. The assignee prosecutes this action for the recovery of a quantity of stoves of the value of $1,500, which had been a part of the stock of merchandise of Johnson & Dahl, but which they had, 28 days before the assignment, sold to the defendants in partial satisfaction of an indebtedness then owing to them. It was found by the trial court that the debtors were insolvent when this property was transferred to the defendants, and that the latter had reason to believe that such was the fact; and that the sale was not in the regular course of business, but was for the purpose of giving the defendants a preference over other creditors.

These findings are justified by the evidence. The indebtedness of Johnson & Dahl amounted to over $10,000. A large part of this indebtedness was already mature. The debtors were without money, and were confessedly unable to meet their obligations in the usual course of business. This was insolvency, within the meaning of the insolvent law. *Daniels* v. *Palmer*, 35 Minn. 347, (29 N. W. Rep. 162.) The evidence would even have justified the conclusion that all of the debtors' assets were insufficient to pay their debts. The defendants were informed of the embarrassment of their debtors. This embarrassment was stated to the defendants by Johnson & Dahl in connection with their proposal to the defendants to take this property in partial payment of their claim. The property thus transferred by this firm of retail merchants amounted in value to about one-third of their entire stock of merchandise. A payment or a transfer of property may constitute a preference, and may be made with the view of giving a preference, within the meaning of the insolvent law, although the motive be merely to secure an extension of credit, so as to be enabled to go on in business. *Forbes* v. *Howe*, 102 Mass. 427.

The second finding of fact made by the court, that Johnson & Dahl retained possession of this property until after the making of the assignment, is in accordance with the undisputed evidence. The evidence further shows that the property was so retained to be sold by Johnson & Dahl, for the defendants, upon commission. This fact, not expressly found by the court, does not impeach the legal con-

clusion from the facts found, in view of the provisions of the insolvent law, that the transfer was void as to creditors, and that the assignee is entitled to recover.

Order affirmed.